**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 96-11350

DOROTHY J. HAMBRICK,

Plaintiff-Appellant,

VERSUS

KENNETH S. APFEL, Commissioner of Social Security,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas
(4:95-CV-435-A)

November 6, 1997

Before WISDOM, SMITH, and DEMOSS, Circuit Judges.

PER CURIAM:[*]

Dorothy J. Hambrick appeals from the district court decision affirming the Commissioner of

Social Security's (the Commissioner) denial of her application for social security disability benefits.

We find that the Commissioner's decision is not supported by substantial evidence. Therefore, we

reverse the district court's decision and remand for additional proceedings.

I.

Hambrick filed her application in July of 1991, alleging that she was disabled and unable to

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

perform her job as a grocery store meat packer due to bilateral carpal tunnel syndrome, bilateral ulnar nerve compression, and arthritis and pain in both feet. The Commissioner denied Hambrick's application initially and upon reconsideration. The case was referred to an administrative law judge (ALJ) who also found Hambrick not disabled. Hambrick appealed to the district court.

Hambrick's case was referred to the magistrate judge for review. The magistrate found that the ALJ's denial of benefits was not supported by substantial evidence. There was insufficient evidence to conclude that there were a significant number of jobs in the national economy that Hambrick could perform. The magistrate recommended that the case be remanded for further consideration. The district court disagreed with the magistrate and found the ALJ's decision supported by substantial evidence. Hambrick appeals. We review the denial of disability benefits to determine whether the ALJ's decision is supported by substantial evidence and whether the ALJ employed the correct legal standards.[2]

## II.

To determine whether a claimant is disabled, the Commissioner employs a five step analysis.[3] The Commissioner must determine: (1) whether the claimant is currently working, (2) whether the claimant has a severe impairment, (3) whether the impairment is listed or equivalent to an impairment listed in appendix 1 of the social security disability regulations, (4) whether the impairment prevents the claimant from performing past relevant work, and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.[4] The claimant bears the burden of

[2]    *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

[3]    *See* 20 C.F.R. § 404.1520.

[4]    20 C.F.R. § 404.1520; *Leggett v. Chater*, 67 F.3d 558, 563-4 n.3 (5th Cir. 1995).

proof to show a disability through the first four steps of the inquiry.[5]  The Commissioner bears the

burden of proof at the fifth step.[6]

In the present case, the ALJ found that Hambrick neither is nor was capable of performing

her past position as a grocery store meat packer due to a severe impairment.  The ALJ also found that

Hambrick did not suffer from a "listed disability".  The ALJ denied Hambrick's application for

disability benefits, however, because the ALJ found that there is a significant number of jobs in the

national economy that Hambrick could perform.  Only the finding at step five of the inquiry is at issue

in this appeal.

At step five, the Commissioner must assess the claimant's residual functional capacity to do

work as well as the jobs available for someone with that functional capacity.[7]  First, based upon the

reports of Dr. Zehr, Dr. Luedke, and Dr. Roybal, the ALJ found that Hambrick's ability to work was

restricted by the necessity of a sit / stand work option, limited bimanual dexterity, and an inability to

perform repetitive arm and hand movements.  These findings are supported by substantial evidence.[8]

---

[5]  *Leggett*, 67 F.3d at 564.

[6]  *Id*.

[7]  20 C.F.R. § 404.1561.

[8]  Hambrick argues that the ALJ erred in rejecting the opinion of Dr. Roybal, her treating physician, who stated that Hambrick was unable to perform any substantial gainful activity.  The ALJ may reject the opinion of a treating physician if it is not adequately supported by the record as a whole.  *Spellman v. Shalala*, 1 F.3d 357, 364-5 (5th Cir.  1993).  Dr. Roybal's statements contradicted both his earlier and subsequent evaluations of Hambrick's condition as well as the evaluations of other treating physicians.  The ALJ was justified in rejecting this inconsistent statement.

Hambrick also argues that the ALJ erred in finding Hambrick's subjective complaints of pain to be exaggerated.  Subjective complaints of pain must be supported by objective medical evidence.  *Anthony v. Sullivan*, 954 F.2d 289, 295-6 (5th Cir. 1992).  Although the medical evidence showed

3

Next, the ALJ found that Hambrick retained the residual functional capacity to perform sedentary work limited by the previously-mentioned impairments. Hambrick's physicians agreed that she was capable of performing certain non-repetitive tasks. But, a claimant is unable to perform even sedentary work if she is unable to work an entire day without taking frequent breaks.[9] Hambrick argues that she cannot work a full day without taking an exceptional number of rest periods. The ALJ made no finding on this point. Without such a finding, we conclude that the ALJ's determination that Hambrick can perform sedentary work is not supported by substantial evidence.

The ALJ also found that Hambrick was capable of obtaining gainful employment. To meet his burden on this point, the ALJ must produce expert vocational testimony to show that the claimant is capable of performing a significant number of jobs in the national economy.[10] The testimony of a vocational expert is important because the expert is familiar with the specific requirements of particular occupations and can compare the claimant's condition with the demands of those jobs.[11] The vocational expert testified that a younger person with Hambrick's physical impairments could perform approximately 30% of the 200 unskilled sedentary jobs identified by the Secretary of Health and Human Services. Among these jobs were some cashier and clerk positions. The vocational expert did not testify as to all the positions Hambrick could perform or the number of those positions

---

that Hambrick suffered from a condition that limited her ability to work, the ALJ did not err by rejecting Hambrick's subjective complaints because those complaints went beyond this medical evidence accepted by the ALJ.

[9] *Smith v. Schweiker*, 646 F.2d 1075, 1081 (5t h Cir., Unit A 1981). The vocational expert agreed that such an individual would be unemployable.

[10] *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986).

[11] *Id*.

available.[12]  There is insufficient evidence of the number of jobs available that Hambrick could perform.[13]  Therefore, the ALJ's finding that there are a significant number of jobs in the economy that Hambrick could perform is not supported by substantial evidence.

III.

We REVERSE the decision of the district court and REMAND this case for further proceedings consistent with this opinion, including the presentation of additional evidence where necessary.[14]

---

[12]  The vocational expert gave a few examples of jobs that Hambrick could perform.  These included cashier, phone order clerk, charge account clerk, and information clerk.

[13]  The district court erroneously found that there were 321,700 people employed in positions that Hambrick could perform.  The document upon which the district court relied actually referred to "a wide range of light work", not sedentary work meeting the limitations under which Hambrick suffered.  Furthermore, the specific jobs listed were different than the ones that the vocational expert found Hambrick could perform.

[14]  *See* 42 U.S.C. § 405(g); *Campbell v. Shalala*, 988 F.2d 741, 745 (7th Cir. 1993) (finding that it is appropriate for the Commissioner to consider additional evidence in a case remanded pursuant to sentence four of 42 U.S.C. 405(g)).